**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                                 Case No: 10-32254-LMI
JOSE AND CARIDAD LOSADA                          Chapter 13

_____Debtors_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN
ON PERSONAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value personal property securing the claim of  Tropical Financial Credit Union ("Lender").

2. *(Select only one)*:

   __x__   Lender's collateral consists of a motor vehicle and is particularly described as follows:

   Year and Model of motor vehicle: 2008 Dodge Caliber
   Vehicle Identification Number (VIN #): 1B3HB48D644116
   Odometer reading: 30,000.00

   _____   Lender's collateral consists of a lien on personal property other than a motor vehicle and is particularly described as follows:

3. At the time of the filing of this case, the value of the personal property is $ 6,775.00 as determined by  Private Appraisal.

4. The undersigned reviewed the docket and claims register and states (select only one):

    ___    Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 4, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed. Lender's secured claim shall be paid through the plan at ___% and for a total of $_____.

or

    _x_    Lender filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 4, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim. Lender's secured claim shall be paid through the plan at __5.25__% and for a total of $ _7,717.72_ .

5. The subject personal property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE**, the debtor respectfully requests an order of the Court (a) determining the value of the personal property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, and (d) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at or before the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing, or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

CERTIFICATE OF SERVICE *AND COMPLIANCE WITH LOCAL RULES 3015-3(A)(1) AND 9073-1(D)*

I hereby certify that a copy of this Motion and Notice of Hearing and the clerk's "Notice of Chapter 13 Bankruptcy Case" and chapter 13 plan was served pursuant to Bankruptcy Rule 7004 on the chapter 13 trustee and the following affected parties on this 4th day of April 2011.

Nancy Herkert, Trustee
ECF Registered User

Tropical Financial Credit Union
8000 NW 7th Street
Miami, FL 33126

Tropical Financial Credit Union
P.O. Box 829517
Pembroke Pines, FL 33082

Tropical Financial Credit Union
3050 Corporate Way
Miramar, FL 33025

Tropical Financial Credit Union
c/o Liuba Rodriguez, Register Agent
1579 W 60th Street
Suitte B
Hialeah, FL 33012

Submitted By:


/s/ Robert Sanchez
Robert Sanchez, Esq.
Robert Sanchez, P.A.
900 W 49th Street, Ste 500
Hialeah, FL 33012
Tel: (305) 687-8008
Fl Bar No. 0442161